Ouattara v. Garland

BIA
Christensen, IJ
A 201 123 279

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-two.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

SOUMAILA OUATTARA,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

20-180
NAC

---

FOR PETITIONER: Gary J. Yerman, New York, NY.

FOR RESPONDENT: Jeffrey Bossert Clark, Acting Assistant Attorney General;

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Anthony P. Nicastro, Assistant Director; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Soumaila Ouattara, a native and citizen of Côte d'Ivoire, seeks review of a January 7, 2020, decision of the BIA affirming an April 11, 2018, decision of an Immigration Judge ("IJ") denying Ouattara's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Soumaila Ouattara*, No. A201 123 279 (B.I.A. Jan. 7, 2020), *aff'g* No. A201 123 279 (Immig. Ct. N.Y. City Apr. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA, i.e., minus the grounds on which the BIA did not rely. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). "We review the agency's factual findings,

2

including adverse credibility findings, under the substantial evidence standard, which requires that they be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's adverse credibility determination. Ouattara alleged that, after an attack on his father in 2005 and his mother in 2008, security forces aligned with former president Laurent Gbagbo arrested Ouattara in 2010 at a meeting of the opposition party, Rally of the Republicans ("RDR"), detained him for five days, and subjected him to beatings and other mistreatment before his release. The agency reasonably relied on inconsistencies between Ouattara's statments and other evidence in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). First, Ouattara's statements and his father's letter were inconsistent about whether his father was attacked in 2005 or 2010. Second, Ouattara testified that a pro-Gbagbo militia

attacked his father because of his father's RDR membership, but his father did not mention being involved in the RDR and instead stated that he may have been targeted because he was Muslim and a native of the northern region of Côte d'Ivoire. The agency was not required to accept Ouattara's allegation that the inconsistencies were a result of translation error. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted) (emphasis in original)). Third, Ouattara testified that his parents contacted a police commissioner to obtain his release following his arrest, but his application reflected that he was released because of an RDR campaign and that his parents contacted "someone" only after Ouattara's release. Ouattara's assertion that "someone" was the police commissioner does not resolve the discrepancy regarding the timing or reason for his release. *See id.*; *see also Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) (holding that we defer to IJ's plausible interpretation of the facts).

4

The agency also reasonably relied on Ouattara's father's omissions. *See, e.g.*, *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166–67 (2d Cir. 2008) (upholding agency's reliance on omissions from supporting letters). Ouattara alleged that his mother was attacked in 2008 and that he was arrested and beaten in 2010, but his father's letter does not mention his mother's attack and omits the details of Ouattara's arrest and beating. The agency did not err in relying on those omissions because they relate to two primary bases for Ouattara's claim—his own arrest and the targeting of other family members for supporting the RDR. *Cf. Hong Fei Gao*, 891 F.3d at 82 (omissions must be "weighed in light of the totality of the circumstances and in the context of the record as a whole").

Finally, the agency also reasonably relied on the lack of corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Ouattara's corroborating evidence consisted of

5

letters from his father and a friend. As discussed above, his father's letter contradicted his own statements. Moreover, the agency was not required to credit either letter because the authors were not available for cross examination and Ouattara's father was an interested party. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

In sum, the inconsistencies, omissions, and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. While CAT relief and withholding of removal may be available notwithstanding an adverse credibility ruling as to asylum, the adverse credibility determination is here dispositive of asylum, withholding of removal, and CAT

relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7